# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JOHNNY ROBERT BABB**                                    **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 3:10CV48 CWR-LRA**

**LAWRENCE KELLY**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johnny Babb was convicted in the Circuit Court of Hinds County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record, the undersigned recommends that his petition be dismissed with prejudice.

## Factual and Procedural Background

Babb was convicted of two counts of aggravated assault on a law enforcement officer and one count of simple assault on a law enforcement officer. He was sentenced to 5 years imprisonment for the simple assault and 30 years each on the two aggravated assault counts, all to be served concurrently in the custody of the Mississippi Department of Corrections. The relevant facts are described in more detail in the state court's opinion as follows:

> Hinds County Sheriff's deputies were called to the home of Johnny and Vivian Babb in response to domestic violence. Sergeant Lynn Butler and deputies Casey Dennis and Deborah Bailey responded to the call. Vivian, who had called the deputies, had gone to her mother's house following the altercation. Sergeant Butler testified that there were "pistol marks on the victim."
>
> Deputies Dennis and Bailey were escorting Vivian back to her home when Babb opened the door, pulled out a knife, yelled at them to leave the premises, and shut and locked the door. The deputies tried to make it appear that they had left in hopes that Babb would open the door. When he

did not, Vivian opened the door using her key, and Sergeant Butler, and deputies Dennis and Bailey entered the home. Babb, who was still holding the knife, told the deputies to leave. Babb was holding his five-year-old son, who suffered from Downs Syndrome, in his arms. Deputies tried to persuade Babb to drop the knife, but he refused. Deputies proceeded to enter the home and sprayed Babb with pepper spray. The deputies also hit Babb on the arm with a baton in an attempt to get him to drop the knife. Babb began making slashing motions with the knife at the deputies, and Sergeant Butler was struck in the neck. Sergeant Butler was cut but not seriously injured.

Lieutenant Michael Maldonado and Deputy Keith Henderson arrived to attempt to resolve the situation through negotiations with Babb. Babb had gone to the back bedroom with his son. Babb cursed at Lieutenant Maldonado and made stabbing motions at him with the knife. Deputy Henderson told Babb, who he described as "pretty irate," that the deputies were not there to arrest him and encouraged Babb to go to the hospital for evaluation and treatment. Deputy Henderson testified that Babb told him that he was angry and frustrated because he was in constant pain due to a degenerative spinal condition. Babb seemed to want help and agreed to go the hospital.

*Babb v. State*, 17 So.3d 100, 101-02 (Miss. Ct. App. 2009), *reh'g denied*, July 21, 2009, *cert. denied,* Sept. 17, 2009.

Babb was charged with aggravated assault on a law enforcement officer in all three counts of the indictment. The jury found him guilty as charged in Counts I and II, but guilty only of simple assault on Lieutenant Maldonado in Count III.

Aggrieved, Babb appealed and asserted as grounds for relief the same substantive issues raised in the instant petition:

1. The trial court erred in refusing jury instructions as to simple assault against a law enforcement officer in Count (I);

2. The trial court erred in refusing jury instructions which presented the Petitioner's theory of defense, thus depriving him of his fundamental right to mount a meaningful defense, and

3. The evidence was insufficient as a matter of law to support the jury

2

verdict of aggravated assault against a law enforcement officer.[1] After considering each of these issues on the merits, the Mississippi Court of Appeals affirmed Petitioner's conviction in a written opinion, and denied his request for rehearing. *Id*. A writ of certiorari was subsequently denied by the Mississippi Supreme Court on September 17, 2009. Babb now seeks federal habeas corpus relief under 28 U.S.C. § 2254.

## Standard of Review

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

---

[1] ECF No. 2, p. 2. In compliance with this Court's order, Babb filed an amended petition on February 22, 2010, identifying the petitions, applications, or motions he filed in state court, other than those filed on direct appeal. No new substantive issues were raised therein. See ECF No. 5.

3

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1)

## Discussion

In grounds one and two, Babb argues the trial court erred in failing to grant

4

defense instructions D-7, D-8, and D-9 on the lesser-included offense of simple assault and accident. Babb maintains that he was entitled to a lesser-included offense instruction as to each count. As to Count I, he specifically argues that he did not knowingly or purposely strike Sergeant Butler and the trial court's failure to grant instructions D-7 and D-8 on the lesser offense of simple assault was a violation of due process. D-7 reads as follows:

> The Court instructs the jury that if you find that the State has failed to prove any one of the essential elements of the crime of Aggravated Assault, you must find Johnny Robert Babb not guilty and you will proceed with your deliberations to decide whether the state has proved beyond a reasonable doubt all the elements of the lesser crime of simple assault.
>
> The Court instructs the jury that if you find from the evidence, if any, beyond a reasonable doubt that Johnny Robert Babb knowingly or purposely injured or attempted to cause bodily injury to Lynn Butler, then you shall find Johnny Robert Babb guilty of simple assault.[2]

D-8 reads as follows:

> The Court instructs the jury that a person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently caused bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.
>
> If you find from the evidence in this case that Johnny Robert Babb either (a) recklessly caused injury to Lynn Butler; or (b) negligently caused bodily injury to Lynn Butler with a means likely to produce death or serious bodily harm, to wit: a knife, then in that event you may find Johnny Robert Babb guilty of the crime of simple assault.[3]

Babb similarly argues that the trial court erred in failing to grant D-9 which would have permitted the jury to find that his actions were unintentional and that he only

---

[2]ECF No. 10-2, p. 40.

[3]ECF No. 10-2, p. 41.

5

accidently injured Sergeant Butler. D-9 reads as follows:

> The Court instructs the jury that in order to find Johnny Robert Babb [guilty] of aggravated assault on a law enforcement office[r], the jury must find, from the evidence, beyond a reasonable doubt, that he acted intentionally. If the State has not proven to you from the evidence, beyond a reasonable doubt, that he acted intentionally, then his actions were accidental and you should find Johnny Robert Babb not guilty.[4]

As an initial matter, there is no federal constitutional right to an instruction on a lesser-included offense in a non-capital state trial. *Shanklin v. Thaler,* 422 F. App'x 319, 326 (5th Cir. 2011). The Fifth Circuit has consistently held that, in a non-capital case, "the failure to give an instruction on a lesser included offense does not raise a constitutional issue." *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *see Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985).

Even if this Court were to consider Petitioner's claims, "[a] state prisoner seeking federal habeas relief for erroneous jury instructions faces a heavy burden." *Reddix v. Thigpen*, 805 F.2d 506, 512 (5th Cir. 1986) (citations omitted). Challenges to jury instructions in general may not form a basis for federal habeas corpus relief. *Gilmore v. Taylor*, 508 U.S. 333 (1993). The inquiry is not "whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude." *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir. 2002) (quoting *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986)). To merit relief, the petitioner

---

[4]ECF No. 10-2, p. 43.

must establish "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). He must show that the failure to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 147. Babb has not made the requisite showing here.

In rejecting D-7 and D-8, the trial judge explained that while lesser-included offense instructions for simple assault were warranted as to Deputy Dennis (Count II) and Lieutenant Maldonado (Count III), the evidence did not support a simple assault instruction as to Sergeant Butler (Count I), who was slashed by the knife while attempting to disarm Babb.[5] Simple assault occurs in relevant part "when a person 'negligently causes bodily injury to another with a deadly weapon. . . .'" *Babb*, 17 So. 3d at 102 (quoting Miss. Code Ann. § 97-3-7(1)(b) (Supp. 2008)). Although Babb maintains his actions were unintentional, he does not deny arming himself with a knife, charging the officers when they entered the home, and cutting Sergeant Butler with the knife.

Rather, as at trial, Babb argues that he only began slashing at the deputies when he was sprayed with pepper pray and was merely using the knife to defend himself and

---

[5] ECF No. 10-2, pp.24-27. Although a defendant is entitled under Mississippi law "to have jury instructions given which present his theory of the case," the trial court is "allowed to refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence ." *Downs v. State*, 962 So.2d 1255, 1258 (Miss. 2007) (quoting *Spicer v. State*, 921 So.2d 292, 313 (Miss. 2006)).

his son. He argues that he "only accidently brushed the back side of the knife against Sergeant's Butler's neck" and the sergeant's own testimony describes the injury "as more of a scrape than a cut." He also claims that he was "blinded" by the pepper spray and that even Lieutenant Maldonado testified that "everybody's eyes were a little watery." The undersigned would note that the deputies also testified that Babb was hostile and threatening, and endangering their lives. At one point, Sergeant Butler even describes the encounter as a sword fight.[6]

In rejecting Babb's arguments on direct appeal, the appellate court explained that he was not entitled to a lesser-included offense instruction under State law:

> From the testimony presented, we cannot find that a jury instruction as to simple assault or accident was warranted. Taking the evidence in the light most favorable to Babb, we find that no reasonable juror could find Babb guilty of simple assault against Sergeant Butler or that the incident was an accident.... Nothing in the record suggests that Babb did not knowingly or purposely pull a knife on the deputies. The deputies testified that **Babb pulled out the knife before they entered the home, and when they entered the home, Babb began making "slashing" and "jigging" motions at them with the knife**. **While Sergeant Butler testified that the injury was just a scrape, Sergeant Butler also testified that the injury happened when Babb was making a "slashing" motion and stabbing at Sergeant Butler's chest area. Sergeant Butler also stated that he was struck when he was stepping backwards to get out of the way of the knife.**

*Babb*, 17 So.3d at 103 (emphasis added) (internal citation omitted). As noted *supra*, it is not the role of this Court to reexamine the state-court's determination of this issue. "Absent a violation of the Constitution, we defer to the state court interpretation of its law

---

[6]ECF No. 10-2, p. 14; 10-3, pp. 99-148. The record reflects that Deputy Dennis did not testify at trial. He had moved and was no longer employed by the Hinds County Sheriff's department at the time of trial. ECF No. 10-3, p. 97.

for whether a lesser-included-offense instruction is warranted." *Creel*, 162 F.3d at 390.

Babb has not demonstrated that the trial court's refusal to grant the proffered instructions "so infected the entire trial" that it violated his rights to due process or impeded his right to present a meaningful defense. Nor has he shown a reasonable probability that the verdict might have been different had the instructions been granted. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985). In lieu of D-7 and D-8, the trial judge entered C-7 which permitted the jury to find aggravated assault as to Sergeant Butler, and aggravated or simple assault as to Officers Dennis and Maldonado. And, although the court found no evidentiary basis to support an instruction that Babb accidentally injured Sergeant Butler, the court agreed that defense counsel could certainly argue that inference to the jury. But in rejecting D-9, the court explained that C-7 clearly instructed the jury that an aggravated assault conviction "must be predicated upon a unanimous finding by the jury of a willful, purposeful and knowing act."[7] If the jury found Babb did not intentionally act, i.e., knowingly and purposely injure Sergeant Butler, they were required to find him not guilty. An accident instruction was thus neither warranted nor necessary. Jurors are presumed to follow the court's instructions, and the undersigned finds no basis for finding that the jury did not do so here. *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

---

[7]ECF No. 10-4, p. 11.

9

Whether to give the instruction was a question of state law; the state court's decision was not contrary to or an unreasonable application of federal law.

Lastly, Babb argues that the trial court was required under to State law to consider the sentencing disparity between simple and aggravated assault before denying the proffered instructions.[8] The maximum sentence for aggravated assault on law enforcement under state law is 30 years, while the maximum sentence for simple assault on law enforcement is 5 years. Miss. Code Ann. § 97-3-7(1) and (2) (Supp. 2008).

In rejecting this claim on direct appeal, the Mississippi Court of Appeals noted that the trial court had the discretion under state law to sentence Babb to consecutive terms on each count, but instead "greatly reduced the sentence by allowing Babb to serve his two thirty-year sentences and five-year sentences concurrently rather than consecutively." *Babb*, 17 So.3d at 103. Before sentencing, the trial court had observed that Babb had a prior felony conviction, a previous arrest for aggravated domestic violence and a "long history of widespread drug abuse."[9] The court of appeals noted further that notwithstanding the sentencing disparity, the lesser-included offense instructions on simple assault and accident "were without foundation in the evidence" and "fairly covered elsewhere in the instructions." *Id.*

---

[8]*See Taylor v. State*, 577 So.2d 381, 383 (Miss. 1991) ("Where the defendant requests a lesser-included offense instruction, one factor to be considered is the disparity in maximum punishments between the offenses. A great disparity is a factor in favor of giving the lesser included offense instruction.").

[9]ECF No. 10-4, pp. 50-53.

10

A trial court's sentencing determination "is a matter governed by state statute and, as such, does not lend itself to *habeas corpus* review, absent a claim that the sentence is disproportionate." *Wilson v. Parker*, 3:05CV78 -M-A, 2007 WL 2071786 (N.D. Miss. July 18, 2007) (emphasis in original). To the extent Babb claims his sentences are grossly disproportionate, the Court notes that his sentences do not exceed the statutory maximum, nor are they "exceedingly rare" or "extreme." *Lockyer v. Andrade*, 538 U.S. 63, 64 (2003). As such, he has not presented a cognizable claim for federal relief. *Wilson v. Corcoran*, — U.S. —, 131 S.Ct. 13, 16, 178 L.Ed.2d 276 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts")(emphasis in original); *Ponnapula v. Spitzer,* 297 F.3d 172, 182 (federal due process principles "do [ ] not invite federal habeas courts to engage in substantive analysis of state statutory terms," and "[o]ur federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes"). Accordingly, this claim is without merit.

In ground three, Babb asserts that the evidence was legally insufficient to support his aggravated assault convictions as to Sergeant Butler and Deputy Dennis. When a petitioner raises a sufficiency-of-the-evidence claim, habeas relief will be granted only if the evidence, when viewed in the light most favorable to the State, is such that no rational trier of fact "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard of review

11

"preserves the integrity of the trier of fact as the weigher of the evidence," *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983), and was recently reiterated by the U.S. Supreme Court in *Coleman v. Johnson*:

> We have made clear that Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ——, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. ——, ——, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

— U.S. —,132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012). Having applied this standard here, it is clear that the evidence presented at trial was sufficient to permit a rational jury to find Babb guilty of aggravated assault of both Sergeant Butler and Deputy Dennis.

To support a conviction for aggravated assault under state law, the State was required to prove that Babb attempted to "cause or purposely or knowingly cause[d] bodily injury to another with a deadly weapon or other means likely to produce death or seriously bodily harm...." Miss. Code Ann. § 97-3-7(2)(b). In applying the statutory elements to the facts in this case, the Mississippi Court of Appeals found the evidence more than sufficient to support the aggravated assault convictions. The court explained that:

> The State presented the testimony of Sergeant Butler, Lieutenant Maldonado, and Deputy Henderson regarding Babb's behavior. Babb cursed at the deputies; he was described as agitated, irate, and hostile; he made "slashing" and "jigging" motions at the deputies with a six-inch

12

>hunting knife; and he was holding his son in front of him as a shield. ...
>[W]e cannot find that Babb did not attempt to purposely or knowingly cause bodily injury to Sergeant Butler and Deputy Dennis with a deadly weapon.

*Babb*, 17 So.3d at 104. The only question under AEDPA is whether the state court's rejection of Babb's insufficiency- of-the-evidence claim was "objectively unreasonable." *Coleman*, 132 S.Ct. at 2062. Although Babb maintains his actions were unintentional, "*Jackson* leaves juries with broad discretion in deciding what inferences to draw from the evidence presented at trial. . . ." *Id*. at 2604 (quoting *Jackson*, 443 U.S. at 319). On the basis of these facts, the appellate court's determination that a rational jury could reasonably infer that Babb knowingly and purposely assaulted Sergeant Butler and Deputy Dennis was objectively reasonable. To the extent Babb asks this Court to re-weigh the evidence, that is beyond the scope of review permitted under *Jackson*. Accordingly, no habeas relief is warranted on this claim.

## Conclusion

For the reasons discussed herein, the undersigned United States Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Johnny Babb be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009). *Douglas v. United Services Auto.*

13

*Ass'n.* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 11th day of January 2013.

                                                              /s/Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE